**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| BRADLEY INSLEY | : | |
| Plaintiff | : | |
| v | : | Civil Action No. WDQ-05-1982 |
| SEWALL SMITH, *et al.* | : | |
| Defendants | : | |

o0o

## MEMORANDUM

Pending in the above-captioned civil rights case is Defendants' Motion to Dismiss or for Summary Judgment.  Paper No. 13.  Plaintiff has filed a Response in Opposition to the motion.  Paper No. 15.  Upon review of the papers filed, this Court finds a hearing in this case to be unnecessary.  Local Rule 105.6 (D. Md. 2004).  For the reasons that follow, Defendants' Motion, construed as a Motion to Dismiss, shall be granted and the case dismissed without prejudice.

### Background

Plaintiff alleges that he was transported from Western Correctional Institution (WCI) to the Maryland Reception Diagnostic and Classification Center (MRDCC) for a court hearing.  Paper No. 1 at p. 5.  Shortly after his arrival at MRDCC on July 27, 2004, Plaintiff was assaulted by another inmate who cut the right side of Plaintiff's face.  Plaintiff was taken to Johns Hopkins University Emergency Room.[1]  *Id.*

Plaintiff's assailant had just arrived at MRDCC from Eastern Correctional Institution (ECI).  Plaintiff alleges that the assault was a direct result of inattentiveness by correctional

---

[1] Plaintiff's wound required cauterization as well as 20 stitches.  Paper No. 1 at p. 5.

officers performing strip searches of inmates arriving at MRDCC. *Id*. In addition, Plaintiff claims that the practice in place at MRDCC whereby large groups of inmates are placed in one room for many hours without regard to each inmate's propensity toward violence contributed to his injury. *Id*.

Defendants assert that the assault on Plaintiff was unavoidable inasmuch as they had no forewarning that the inmate in question posed a serious risk of harm to Plaintiff. Paper No. 13 at p. 6. An investigation conducted after the assault revealed that Plaintiff's assailant, Carlos Gordills, was apparently retaliating against Plaintiff because Plaintiff's brother-in-law, Mitchell Brigman, had acted as an informant against Gordills. *Id*. at p. 3. Plaintiff told investigators that Gordills discovered the two men were related when Plaintiff was incarcerated at the Baltimore County Jail with Gordills. *Id*. When Plaintiff was assaulted, he claimed he was sleeping and awoke to Gordills dragging a razor blade across his face. *Id*. Witness accounts indicate that the two men exchanged words prior to the assault. *Id*. at Ex. 1, p. 7. In his statement to investigators, Plaintiff indicated that correctional officers responded to the affray within one to two minutes. *Id*. at Ex. 1, p. 22.

## Motion to Dismiss

A court reviewing a complaint in light of a Rule 12(b)(6) motion accepts all well-pled allegations of the complaint as true and construes the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff. *See Ibarra v. United States*, 120 F.3d 472, 473 (4th Cir. 1997). Such a motion ought not to be granted unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The court, however, need not accept unsupported

legal allegations, *Revene v. Charles County Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989), or conclusory factual allegations devoid of any reference to actual events. *See United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

### Exhaustion of Administrative Remedies

The Prison Litigation Reform Act ["PLRA"] generally requires a prisoner plaintiff to exhaust administrative remedies before filing suit in federal court. Title 42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under § 1983 of this title, or any other Federal law by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The Supreme Court has interpreted the language of this provision broadly, holding that the phrase "prison conditions" encompasses "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Thus, the exhaustion provision plainly extends to Plaintiff's allegations of failure to protect from violence and excessive force.

"[A]n inmate's failure to exhaust his administrative remedies must be viewed as an affirmative defense that should be pleaded or otherwise properly raised by the defendant." *Anderson v. XYZ Correctional Health Services, Inc.*, 407 F. 3d 674, 681 (4th Cir. 2005). Defendants in the instant case have properly raised the exhaustion issue and Plaintiff has responded accordingly. Defendants contend that Plaintiff has not exhausted administrative remedies with respect to the issues raised in this complaint. Paper No. 13 at p. 7. Plaintiff states in his complaint, and reiterates in his Response in Opposition, that he did not file a request for administrative remedy because he believed that there was no available remedy for the harm that

3

occurred to him.  Paper No. 1 at p. 3; Paper No. 15 at p. 5.  Setting aside the issue of whether resorting to the administrative remedy procedure would have provided a satisfactory remedy to Plaintiff, it is undisputed that he did not attempt to exhaust administrative remedies.

Prior to the passage of the PLRA, this Court was permitted to stay a prisoner case while administrative remedies were being exhausted.  That option, however, is no longer available.  "The current exhaustion provision differs markedly from its predecessor. Once within the discretion of the district court, exhaustion in cases covered by § 1997e(a) is now mandatory." *Nussle*, 534 U.S. at 524.  Accordingly, Plaintiff's 1983 claim is subject to dismissal for failure to exhaust administrative remedies.  A separate Order, dismissing the complaint without prejudice, follows.


March 21, 2006                                                            /s/
Date                                                              William D. Quarles, Jr.
                                                                  United States District Judge